**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-10024 |
| Plaintiff-Appellee, | D.C. No. 4:12-cr-01025-RCC-LAB-1 |
| v. | |
| ISABEL PEREZ-ARELLANEZ, AKA Christian Perez-Cariol, AKA Christian Perez-Carlon, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted July 14, 2020[**]

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Isabel Perez-Arellanez appeals from the district court's judgment and

challenges the 20-year sentence imposed upon resentencing for one count of

conspiracy to commit hostage taking and three counts of hostage taking, all in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 1203(a), and one count of being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Perez-Arellanez's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Perez-Arellanez has filed a pro se supplemental brief. No answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief on direct appeal. Contrary to Perez-Arellanez's arguments in his pro se brief, the district court did not err in calculating the Guidelines range or impose an "illegal general sentence." Also, the district court's imposition of a term of supervised release was proper under the circumstances of this case. *See* U.S.S.G. § 5D1.1 cmt. n.5. Finally, the district court did not plainly err by failing to instruct the jury that it had to find that Perez-Arellanez knew he was an illegal alien to convict him of being an illegal alien in possession of a firearm, *see Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), because, when Perez-Arellanez possessed the firearm at issue, he had been convicted of illegal entry twice and had been removed to Mexico three times. *See United States v. Benamor*, 937 F.3d 1182, 1188-89 (9th Cir. 2019).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED.**